FILED
CHARLOTTE, NC
DEC 27 2018
US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:17-CV-00375

| | |
|---|---|
| MICHAEL J. NUTTER and SANDRA M. NUTTER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LYNK INVESTMENTS, LLC,<br><br>　　　　　Defendant. | **CONSENT JUDGMENT** |

　　　THIS MATTER comes before the Court upon the joint motion of the parties to issue a declaratory judgment as to the nature and purpose of a loan and to enter an order confirming the settlement between the parties and to dismiss the claims in the lawsuit. The Court has reviewed the terms of the settlement and has confirmed with the Plaintiffs that they desire to enter into the settlement. Based on the Court's review of the settlement, the Court makes the following findings of fact:

　　　1.　　Defendant, LYNK Investments, LLC ("LYNK") made a construction loan ("Loan") to the Plaintiffs, Michael J. Nutter and Sandra M. Nutter (collectively "Nutters") in original principal amount of $360,000.00 pursuant to the terms of a Construction Loan Agreement between the Parties dated August 16, 2013 ("Construction Loan Agreement");

　　　2.　　The Loan is evidenced by that certain Promissory Note from the Nutters to LYNK dated August 16, 2013 in the original principal amount of $360,000.00, which was modified by: (1) a Loan Modification Agreement executed between the Nutters as Borrower and LYNK as Lender dated October 14, 2014; (2) a Loan Modification Agreement executed between the Nutters as Borrower and LYNK as Lender dated June 15, 2015 and recorded at Book 30061, Page 463 of the Mecklenburg County Registry; and (3) a Loan Modification Agreement

executed between the Nutters as Borrower and LYNK as Lender dated August 14, 2015 and recorded at Book 30227, Page 136 of the Mecklenburg County Registry (collectively, the "Note");

3. The Note is secured by a Deed of Trust dated August 16, 2013 and recorded in Book 28629, Page 438 of the Mecklenburg County Registry (the "Belt Road Deed of Trust"), which grants a lien against the real property located at 9601 Belt Road in the town of Midland, Mecklenburg County, North Carolina (the "Belt Road Property");

4. The Note is also secured by a Commercial Deed of Trust, Security Agreement, and Financing Statement dated August 15, 2015 and recorded at Book 30227, Page 138 of the Mecklenburg County Registry (the "Anderson Street Deed of Trust"), which grants a lien against the real property located at 610 Anderson Street in the city of Charlotte, Mecklenburg County, North Carolina (the "Anderson Street Property"); and an Assignment of Rents dated August 16, 2013 and recorded in Book 28625, Page 465 of the Mecklenburg County Registry ("Assignment of Rents")[1];

5. LYNK alleged that the Nutters failed to make all timely payments of principal and interest due under the Loan Documents and, as a result, defaulted under the terms of the Loan Documents. Therefore, the Substitute Trustee under the Belt Road Deed of Trust and the Anderson Street Deed of Trust commenced proceedings to foreclose the liens of the two deeds of trust.

6. On June 1, 2017, the Nutters filed the present action in Mecklenburg County Superior Court, file no. 17-CVS-10120, which alleges, among other things, that LYNK violated

---

[1] Hereinafter, the Construction Loan Agreement, Note, Belt Road Deed of Trust, Anderson Street Deed of Trust, and Assignment of Rents, as amended or modified from time to time shall collectively be referred to as the "Loan Documents."

certain consumer protection statutes in making the Loan and modifying the loan (including Reg. Z and N.C. Gen. Stat. § 24-10.2), that the terms of the Loan were unconscionable, and that LYNK had engaged in an unfair and deceptive trade practices. The Nutters also ask for a declaratory judgment as to their rights and obligations under the Loan Documents. The Nutters sought to have the Loan Documents declared void and also sought actual damages, statutory damages, punitive damages and treble damages. The Mecklenburg County Superior Court issued its Temporary Restraining Order and Preliminary Injunction of the foreclosure of each deed of trust and the Nutters have deposited with the Clerk of Superior Court the bond required by the Court.

7. On June 30, 2017, LYNK removed the action to this Court and on August 21, 2017, LYNK filed a Motion to Dismiss, Answer and Counterclaim in the Lawsuit which, among other things, contains claims against the Nutters for the full amount of the Note.

8. An actual controversy exists with regards to whether the Loan is a commercial loan or a consumer purpose loan and whether the Loan is subject to state and local consumer protection statutes.

9. The Parties have reached a written agreement Settlement and Release Agreement ("Settlement Agreement") to resolve this action and have asked the Court to enter this order confirming the settlement and dismissing the claims. As part of the Settlement Agreement, the Nutters will execute a Renewal and Modification of Promissory Note ("Renewal Note") that renews and modifies the existing Note to, among other things, reduce the amount due under the loan, reduce the interest rate on the amounts owed and provide for LYNK advancing additional funds to the Nutters to complete construction of the Belt Road Property and the parties intend that this Renewal Note is secured by the original Deed of Trust from Borrowers to D. Robert

Williams, Jr. Trustee for Lender which was recorded on August 19, 2013 in Book 28269 page 438 of the Mecklenburg County, North Carolina Office of Register of Deeds, as modified, and by that Deed of Trust from Borrowers to R. Dale Fussell recorded on August 25, 2015 in the Mecklenburg County, North Carolina Office of Register of Deeds in Book 30227 at page 138 and LYNK will execute the Settlement and Release Agreement, the Modification of Deed of Trust and the Renewal and Modification of Promissory Note.

10. As part of the settlement, the Parties have further asked the Court to declare, pursuant to 28 U.S.C. § 2201, that the Loan was, is and, after execution of the Settlement Agreement, Renewal Note and related documents, will continue to be, a commercial loan and not a loan for personal, family or household purposes, nor will the Loan or the funds advanced thereunder, be subject to any state or federal consumer protection laws or statutes, including, but not limited to, 15 U.S.C. § 1601, *et seq*. (Truth in Lending Act), 12 CFR Part 226, *et seq*. (Reg. Z)., and N.C. Gen. Stat. § 24-10.2.

11. Both counsel for the Nutters and counsel for LYNK consent to this settlement.

BASED ON THE FOREGOING, the Court believes that it is the best interest of the parties to confirm the settlement and to dismiss the Nutters' pending claims, with prejudice, and LYNK's pending claims, with prejudice. Both parties reserve all claims for future breaches of the Settlement Agreement, Renewal Note and other settlement documents.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Consistent with the consent of the parties as reflected by their respective signatures below, and pursuant to 28 U.S.C. § 2201, the Court hereby declares that the Loan was, is and, after execution of the Settlement Agreement, Renewal Note and related documents, will continue to be, a commercial loan and not a consumer purpose loan or a loan for personal, family

4

or household purposes, nor is the Loan subject to any state or federal consumer protection laws or statutes.

2. The Settlement Agreement as set forth in the Motion is hereby approved as being fair, just and proper, the Nutters' claims are dismissed, with prejudice, and LYNK's claims are dismissed with prejudice.

3. The Preliminary Injunction entered in this matter on June 7, 2017, prior to the removal of this action, is hereby vacated and the Nutters shall be entitled to apply to the Mecklenburg County Clerk of Court for return of the bond posted thereunder.

4. Each party is to bear its own costs and expenses incurred in this matter, including attorney's fees.

This the 27th day of December, 2018.

_____
Graham C. Mullen
Senior District Court Judge

WE CONSENT:

_____
Michael J. Nutter

_____
Sandra M. Nutter

LYNK Investments, LLC
By: _____
Name: MATT BROTHERS
Title: CFO